UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAN JUAN ISLAND LIBRARY DISTRICT,

    Plaintiff,

v.

LEXINGTON INSURANCE COMPANY, FIDELIS UNDERWRITING LIMITED, HOUSTON SPECIALTY INSURANCE COMPANY, CONVEX INSURANCE UK LIMITED, BERKSHIRE HATHAWAY SPECIALTY INSURANCE

    Defendants.

Case No. 2:24-cv-1688

NOTICE OF REMOVAL TO FEDERAL COURT

TO: The Honorable Judges of the United States District Court for the Western District of Washington:

Pursuant to 28 U.S.C. § 1441 *et seq.*, Defendant Convex Insurance UK Limited ("Convex")[1] hereby removes the above-captioned action from the Superior Court of Washington for San Juan County to this Court on the grounds of original jurisdiction based on

---

[1] Defendants Lexington Insurance Company, Fidelis Underwriting Limited, Houston Specialty Insurance Company, and Convex Insurance UK Limited are referred to herein collectively as "Defendants." National Fire & Marine Insurance Company (improperly designated "Berkshire Hathaway Specialty Insurance" in the complaint) has not been named as a party or served in this matter. "Berkshire Hathaway Specialty Insurance" is not a company.

NOTICE OF REMOVAL TO FEDERAL COURT - 1
Case No.

**JENSEN MORSE BAKER PLLC**
520 PIKE STREET, SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

diversity of citizenship (28 U.S.C. § 1332). The following statement is submitted in accordance with 28 U.S.C. § 1446:

## THE STATE COURT ACTION

1. On September 6, 2024, the Washington State Office of the Insurance Commissioner received various summons and the complaint from Plaintiff San Juan Island Library District ("Plaintiff") in the action captioned *San Juan Island Library District v. Lexington Insurance Company, Fidelis Underwriting Limited, Houston Specialty Insurance Company, Convex Insurance UK Limited, and Berkshire Hathaway Specialty Insurance*, in San Juan County Superior Court (the "State Court Action"). Based upon the information available to the undersigned at this time, the State Court Action has not been filed with the superior court. True and correct copies of the following documents served on Convex and comprising the State Court Action are attached to the accompanying Declaration of Benjamin J. Roesch ("Roesch Decl.") as Exhibit 1: Complaint; Summons; and Confirmation of Service.

2. Plaintiff has also served written discovery requests, but the parties have not taken any other action in the State Court Action. A true and correct copy of the complaint is also separately included as an attachment to this Notice and labeled as the "Complaint."

## TIMELINESS

3. Plaintiff purportedly served Convex through the Washington Office of the Insurance Commissioner (the "OIC"), which appears to have received the summonses and complaints on September 6, 2024. The OIC mailed the summons and complaint to Convex, whose registered agent received the documents on September 16 or 17, 2024, as confirmed by the United States Postal Service online tracking tool. *See* Roesch Decl., Ex. 2. A true and correct copy of the OIC's proof of service document for defendant Convex is attached to the

NOTICE OF REMOVAL TO FEDERAL COURT - 2
Case No.

JENSEN MORSE BAKER PLLC
520 PIKE STREET, SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

Roesch Declaration as Exhibit 2. Removal is timely because it is occurring within thirty (30) days of Convex's registered agent's receipt of the summons and complaint.

## DIVERSITY JURISDICTION

4. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

**A.**     **Complete Diversity of Citizenship**

5. Plaintiff is a junior taxing district organized under the laws of the state of Washington and located within the state of Washington. *See* Complaint at ¶ 1.1.

6. Defendant Lexington Insurance Company ("Lexington") is a corporation incorporated under the laws of the state of Delaware with a principal place of business in New York. *See* Roesch Decl., ¶ 4.

7. Defendant Fidelis Underwriting Limited ("Fidelis") is a corporation incorporated under the laws of the England and Wales, with its principal place of business in England. *See* Roesch Decl., ¶ 4.

8. Defendant Houston Specialty Insurance Company ("Houston Specialty") is a corporation incorporated under the laws of the state of Texas with a principal place of business in Texas. *See* Roesch Decl., ¶ 4.

9. Defendant Convex Insurance Limited UK ("Convex") is corporation incorporated under the laws of England and Wales, with its principal place of business in England. *See* Roesch Decl., ¶ 4.

10. National Fire & Marine Insurance Company ("National Fire"), improperly identified as Berkshire Hathaway Specialty Insurance ("BHSI"), is a corporation organized under the laws of the state of Nebraska with a principal place of business in Nebraska. *See*

NOTICE OF REMOVAL TO FEDERAL COURT - 3
Case No.

JENSEN MORSE BAKER PLLC
520 PIKE STREET, SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

Roesch Decl., ¶ 4.

11. Accordingly, there is complete diversity of citizenship among the parties.

**B.    Amount in Controversy**

12. A defendant can establish the amount in controversy by the allegations in a complaint, or by setting forth facts in the notice of removal that demonstrate the amount in controversy exceeds $75,000. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

13. In this dispute over the valuation of Plaintiffs' loss, Plaintiffs claim that reasonable outstanding repair costs are $4,773,584, while Defendants' expert has estimated that outstanding repairs total $1,817,126.90. *See* Complaint, ¶¶ 4.39-.40. Accordingly, the amount in controversy with respect to Plaintiff's breach of contract cause of action appears to be $2,956,457.10 or more.

14. Under the reinsurance program at issue in this case, each of the Defendants is responsible for its several share of any amounts for which coverage is owed. *See* Roesch Decl., ¶ 5. The percentages are as follows:

- Lexington: 48% (consisting of two shares of 23% and 25% each);
- Fidelis: 23.5%;
- Convex: 7.5%;
- Houston Specialty: 10%; and
- National Fire: 11%.

15. While Convex has the smallest share, 7.5% of Plaintiff's claim for more than $2.9 million in insurance coverage exceeds $75,000.

16. In addition, the court considers the possibility of treble damages for purposes of the amount in controversy when such damages are authorized by statute. *See Chabner v. United*

NOTICE OF REMOVAL TO FEDERAL COURT - 4
Case No.

JENSEN MORSE BAKER PLLC
520 PIKE STREET, SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

*Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 (9th Cir. 2000). Here, Plaintiff has asserted claims under the Washington Consumer Protection Act ("CPA"), *see* Complaint, ¶¶ 9.1-.3, which authorizes treble damages up to $25,000. RCW 19.86.090. Plaintiff has also asserted a claim under the Washington Insurance Fair Conduct Act ("IFCA"), *see* Complaint, ¶¶ 10.1-.4, which authorizes treble damages without the cap that applies to the CPA. Plaintiff's claim for statutory damages of treble the $2.9 million at issue in its breach of contract cause of action further confirms that the amount in controversy with respect to each defendant exceeds $75,000.

17. Plaintiff also seeks attorneys' fees under Washington case law, the CPA, and IFCA. Where a contract or statute mandates or authorizes an award of attorneys' fees, such fees may be included in the amount in controversy in determining whether the jurisdictional threshold of $75,000 is met. *See Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998).

18. Accordingly, while Defendants deny any liability to Plaintiff, the amount in controversy with respect to each of the Defendants exceeds the $75,000 threshold and is satisfied for purposes of diversity jurisdiction.

## CONSENT

19. All properly named and served defendants are represented by the undersigned, and all consent to this removal.

## VENUE

20. Removal to this Court is proper because this Court is the United States District Court for the district and division within which Plaintiff's action is pending. *See* 28 U.S.C. §§ 1391, 1441(a), and 1446(a). Because this claim arose in San Juan County, assignment of this action to the Seattle Division is appropriate.

NOTICE OF REMOVAL TO FEDERAL COURT - 5
Case No.

JENSEN MORSE BAKER PLLC
520 PIKE STREET, SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

## REQUIRED DOCUMENTS

21. As required by 28 U.S.C. § 1446, a true and correct copy of all state court process, pleadings, or orders purportedly served on the removing party to date are attached to the accompanying Roesch Declaration. To the best of counsel's knowledge, this action has not been filed in state court as of the date of removal. Accordingly, there are no additional documents to provide pursuant to Local Rule W.D. Wash. 101(b).

22. Copies of this Notice of Removal and the Roesch Declaration with exhibits are being served upon Plaintiff's counsel and filed with the clerk of the Superior Court of Washington for San Juan County pursuant to 28 U.S.C. § 1446(a) and (d).

## CONCLUSION

23. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

24. By seeking removal, Convex and the consenting Defendants and National Fire do not waive, and expressly reserve, all rights, defenses, and objections of any nature they may have to Plaintiff's claims.

DATED: October 16, 2024.

JENSEN MORSE BAKER PLLC

By *s/ Gabriel Baker*
Gabriel Baker, WSBA No. 28473
Gabe.baker@jmblawyers.com

By *s/ Benjamin J. Roesch*
Benjamin J. Roesch, WSBA No. 39960
Benjamin.roesch@jmblawyers.com

520 Pike Street; Suite 520

NOTICE OF REMOVAL TO FEDERAL COURT - 6
Case No.

JENSEN MORSE BAKER PLLC
520 PIKE STREET, SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

Seattle, WA 98101
206.682.1550

Attorneys for Defendants

NOTICE OF REMOVAL TO FEDERAL COURT - 7
Case No.

**JENSEN MORSE BAKER PLLC**
520 PIKE STREET, SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

## CERTIFICATE OF SERVICE

Pursuant to the laws of the United States and the State of Washington, the undersigned certifies under penalty of perjury that on the 16th day of October, 2024, the document attached hereto was served upon the below counsel in the manner indicated:

| | |
|---|---|
| *Attorneys for Plaintiff*<br>Susannah C. Carr, WSBA #38475<br>Daniel R. Bentson, WSBA #36825<br>Gordon Tilden Thomas & Cordell LLP<br>600 University St., Suite 2915<br>Seattle, WA 98101<br>scarr@gordontilden.com<br>dbentson@gordontilden.com | ☒ Via CM/ECF<br>☒ Via electronic mail<br>☐ Via U.S. Mail, postage prepaid<br>☐ Via Facsimile<br>☐ Via Courier<br>☐ Via Overnight delivery |

DATED this 16th day of October, 2024, in Marysville, WA.

By *s/Lindsey Turner*
Lindsey Turner, paralegal

NOTICE OF REMOVAL TO FEDERAL COURT - 8
Case No.

JENSEN MORSE BAKER PLLC
520 PIKE STREET, SUITE 2375
SEATTLE, WA 98101
PHONE: 206.682.1644